SO ORDERED.

Dated: July 9, 2019

_____
Eddward P. Ballinger Jr., Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| PHILLIP J. HOOLEHAN and NICOLE M. HOOLEHAN, | Case No. 2:18-bk-13152-EPB |
| Debtors. | **ORDER CONFIRMING DEBTORS' PLAN OF REORGANIZATION** |

Upon consideration of the *Debtors' Plan of Reorganization Dated March 5, 2019* [ECF No. 34] ("**Plan**"); the *Debtors' Disclosure Statement Dated March 5, 2019* [ECF No. 35] ("**Disclosure Statement**");[1] the *Debtors' Ballot Report* [ECF No. 58]; the *Declaration of Phillip J. Hoolehan in Support of Debtors' Plan of Reorganization Dated March 5, 2019* [ECF No. 59]; the statements of interested parties' counsel at the hearing on June 12, 2019 regarding confirmation of the Plan, entire record in this case; and good cause appearing, the Court finds as follows:

1. On October 26, 2018 ("**Petition Date**"), the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. ECF No. 1.

2. On May 1, 2019, this Court entered an order approving the Disclosure Statement ("**Disclosure Statement Order**") and setting a hearing for Plan confirmation. On June 12, 2019, this Court held an initial hearing on confirmation of the Plan.

///

---

[1] Unless otherwise noted, capitalized terms refer to the terms defined in the Plan and Disclosure Statement.

{00175823 2}

3. The Disclosure Statement Order, Disclosure Statement, Plan, and ballots were properly noticed to all creditors and interested parties as required by Fed. R. Bankr. P. 2002 for voting.  <u>See</u> Affidavit of Mailing, ECF No. 56.

4. Class I(a) – The Allowed Secured Claim of Santander did not submit a ballot but the Plan is fair and equitable with respect to its Claim.

5. Class I(b) – The Allowed Secured Claim of Capital One did not submit a ballot but the Plan is fair and equitable with respect to its Claim.

6. Class I(c) – The Allowed Secured Claim of the IRS did not submit a ballot but receives its statutory treatment under 11 U.S.C. § 1129(a)(9)(D).

7. Class II – The General Unsecured Creditors voted to accept the Plan.

8. No Plan objections were filed.

9. The Plan complies with the applicable provisions of the Bankruptcy Code. Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(1).

10. The Debtors have complied with the applicable provisions of the Bankruptcy Code. Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(2).

11. The Debtors have proposed the Plan in good faith and not by any means forbidden by law. Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(3).

12. Any payments made by the Debtors for services or for costs and expenses in or in connection with the Case, or in connection with the Plan and incident to the case, have been approved by, or are subject to the approval of, the Court as reasonable. Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(4).

13. As the Debtors are individuals, 11 U.S.C. § 1129(a)(5) does not apply.

14. The Plan does not require any rate change for which approval from a government regulatory commission is necessary. Accordingly, 11 U.S.C. § 1129(a)(6) does not apply.

15. The Plan provides that each creditor not accepting the Plan will receive or retain property of a value, as of the Effective Date of the Plan, that is not less than the amount that the creditor would receive in a Chapter 7 liquidation. The Plan provides for full payments of Administrative, Priority, and Secured Claims to the extent of their allowed claim. The Plan

{00175823 2}
-2-
Case 2:18-bk-13152-EPB    Doc 64    Filed 07/09/19    Entered 07/09/19 13:19:46    Desc
Main Document    Page 2 of 5

provides a greater return to non-accepting, non-priority unsecured creditors than such creditors would receive from a liquidation. Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(7)(A).

16. No secured creditor has elected to be treated as a fully secured creditor pursuant to 11 U.S.C. § 1111(b). Accordingly, 11 U.S.C. § 1129(a)(7)(B) does not apply.

17. Class II (general unsecured creditors) has voted to accept the Plan and no class has affirmatively voted against confirming the Plan. Still, because not all classes submitted ballots, the Plan does not satisfy 11 U.S.C. § 1129(a)(8). However, the Plan does not discriminate unfairly and is fair and equitable with respect to each class that did not submit a ballot. Specifically, the Plan provides for all secured creditors to retain their pre-petition liens and to be paid the full value of the secured claims to the extent the claims are allowed under 11 U.SC. § 506(a). Accordingly, the Plan satisfies 11 U.S.C. § 1129(b).

18. Except to the extent that the holder has agreed to less favorable treatment of such claim, with respect to a claim of the kind specified in 11 U.S.C. § 507(a)(2), the Plan provides that the holder of such claim will receive on account of such claim on the Effective Date, cash equal to the amount of such claim. The Debtor has no claims specified in 11 U.S.C. § 507(a)(3). Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(9)(A).

19. The Debtors have no claims of the kind specified in 11 U.S.C. §§ 507(a)(1), (a)(4), (5), (6), or (7). Accordingly, 11 U.S.C. § 1129(a)(9)(B) does not apply.

20. With respect to a claim of a kind specified in 11 U.S.C. § 507(a)(8), the Plan provides that the holder of such claim will receive on account of such claim regular installment cash payments, over a period not exceeding five years after the Petition Date, of a total value, as of the Effective Date, equal to the allowed amount of such claim. Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(9)(C).

21. With respect to a claim that would otherwise meet the description of a claim specified in 11 U.S.C. § 507(a)(8) but for its secured status, the holder of such claim will receive on account of such claim cash payment, over the period not exceeding five years after the Petition Date, of a total value, as of the Effective Date of the Plan, equal to the allowed amount of such claim and in a manner not less favorable than the most favored general

unsecured claim provided for in the Plan. Accordingly, the Plan satisfies the requirements of 11 U.S.C. § 1129(a)(9)(D).

22. One class of creditors that are impaired under the Plan has accepted the Plan without including any acceptance of the Plan by any insider. Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(10).

23. Confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization by the Debtor. Accordingly, the Plan satisfies U.S.C. § 1129(a)(11).

24. The Plan provides for the payment of all bankruptcy fees payable under 28 U.S.C. § 1930 on the Effective Date. Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(12).

25. The Debtors do not provide and has not provided retiree benefits as that term is defined in 11 U.S.C. § 1114. Accordingly, 11 U.S.C. § 1129(a)(13) does not apply.

26. The Debtors do not have any domestic support obligations payable under any applicable order or statute that first became payable after the Petition Date. Accordingly, 11 U.S.C. § 1129(a)(14) does not apply.

27. No creditor holding an unsecured claim has objected to the confirmation of the plan. Accordingly, 11 U.S.C. § 1129(a)(15) does not apply.

28. The Debtor is not a corporation or a trust that is not a moneyed, business, or commercial corporation. Accordingly, 11 U.S.C. § 1129(a)(16) does not apply.

Based upon the foregoing, and good cause appearing:

**IT IS ORDERED**, confirming the Plan as modified herein;

**IT IS FURTHER ORDERED**, in accordance with the Plan, that on the Effective Date, all rights, claims, title, and interest in and to the Debtors' assets or the Estate's assets shall be transferred to the reorganized Debtors;

**IT IS FURTHER ORDERED** that except as otherwise expressly provided in the Plan, and as modified herein, all holders of claims against the Debtors shall be precluded from asserting against the Debtors, their Estate, or the assets or properties of the Debtors or their Estate, any other or further claim based upon any omission, transaction or other activity of any

1 | kind or nature that occurred prior to the Effective Date; and

2 | **IT IS FURTHER ORDERED** that notwithstanding the entry of this Order or the
3 | occurrence of the Effective Date, this Court shall retain jurisdiction over all disputes and matters
4 | arising out of, and related to, the Plan and this Confirmation Order to the fullest extent
5 | permitted by law, including, without limitation, any amendments contained herein.

**DATED AND SIGNED ABOVE**